COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


WALTER PAUL BENDA
                                        MEMORANDUM OPINION*
v.   Record No. 2551-96-3                 PER CURIAM
                                        SEPTEMBER 2, 1997
YOKO MIZUNO


            FROM THE CIRCUIT COURT OF WYTHE COUNTY
                    J. Colin Campbell, Judge

          (Trenton G. Crewe, Jr., on brief), for
          appellant.

          (Frank West Morrison; Leslie S. Phillips;
          Phillips & Morrison, on brief), for appellee.


     Walter Paul Benda (father) appeals from an order of the

circuit court granting the motion of Yoko Mizuno (mother) to

dismiss the father's petitions for custody of their children.

The order states that the petitions were dismissed "due to a lack

of jurisdiction."  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 Rule 5A:27.

     The record establishes that mother appeared specially by

counsel.  The parties substantially agreed upon a proffer of

evidence, including the facts that the parties separated in 1995

while they were residing in Japan.  The children were born in

Minnesota and went to Japan with their parents in 1992 due to the

---

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

father's employment.  The children were in Virginia for visits several weeks in December 1993 and 1994.  The father's parents reside in Virginia.

Documents accepted as exhibits at trial establish that the mother applied for a Virginia driver's permit in December 1994 and listed Max Meadows, Virginia as her residence.  An application for a U.S. Immigration and Naturalization Service travel document indicates that the parties resided in Japan and had a post office box in Max Meadows, Virginia.  However, that same application dated January 1995 contains the following statement by the mother.

> My husband is currently employed in Japan.
> We still own our home in Minnesota and expect
> to return sometime within the next 2 years.

The check submitted with the application contains the parties' names and a Minnesota address.

The father contends that Code § 20-126 confers jurisdiction in the Virginia circuit court.  The Virginia Uniform Child Custody Jurisdiction Act, codified at Code §§ 20-125 through 20-146, was enacted, in part, for the following purposes:

> [T]o avoid jurisdictional competition and
> conflict with courts of other states in
> matters of child custody; to promote
> cooperation with courts of other states so
> that a custody decree is rendered in a state
> which can best decide the issue in the
> interest of the child; to assure that
> litigation over the custody of a child
> ordinarily occurs in the state that is most
> closely connected with the child and his
> family and where significant evidence
> concerning his care, protection, training and
> personal relationships is most readily

2

available; [and] to assure that the courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state . . . .

_Middleton v. Middleton_, 227 Va. 82, 93, 314 S.E.2d 362, 367 (1984) (citing the prefatory note to the Model Act, 9 U.L.A. 111, 116-17 (1979)).  Pursuant to those goals, the statute provides that Virginia has jurisdiction over questions of custody if any one of four possible bases exist.  Code § 20-126.

The father concedes that Code § 20-126(A)(1) does not apply, because Virginia was not the home state of the children.  The father contends, however, that jurisdiction exists under each of the remaining three subsections of Code § 20-126.  We disagree.

Under Code § 20-126(A)(2), Virginia has jurisdiction if [i]t is in the best interest of the child that a court of this Commonwealth assume jurisdiction because (i) the child and . . . parents, or the child and at least one contestant, have a significant connection with this Commonwealth and (ii) there is available in this Commonwealth substantial evidence concerning the child's present or future care, protection, training, and personal relationships . . . .

The father argues that the children have significant connection with Virginia.  However, the trial judge found that "the children have had very little contact with Wythe County, Virginia . . . ."  The evidence proved that the children were born in Minnesota.  The father conceded at trial that the children have been in Virginia only twenty-two days since November 1992.  The children have not been in Virginia since December 1994 and were in Japan

3

when the father returned to Virginia in November 1995.  Moreover, all the current information concerning the children is in Japan.  Therefore, the trial judge did not err in rejecting subsection (A)(2) as a basis for Virginia to exert jurisdiction.

The father also asserts jurisdiction in Virginia under the emergency provision of Code § 20-126(A)(3).  That subsection grants Virginia jurisdiction as follows:

> The child is physically present in this Commonwealth and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because [the child] has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent . . . .

The children were not present in Virginia.  The trial judge found that fact determinative in ruling that father failed to prove jurisdiction under this section.[1]  Moreover, the father presented no evidence to support his allegation that the children were abandoned or neglected.

Finally, the father asserts that jurisdiction exists under subsection (A)(4).  That subsection provides for jurisdiction in Virginia as follows:

> (i) It appears no other state would have jurisdiction under prerequisites substantially in accordance with subdivision 1, 2, or 3 of this subsection, or another state has declined to exercise jurisdiction on the ground that this Commonwealth is the

---

[1]Although Code § 20-126(C) provides that "[p]hysical presence of the child, while desirable, is not a prerequisite for jurisdiction," the emergency jurisdiction set out in subsection (A)(3) is expressly limited to instances when the child is found within the Commonwealth.

4

> more appropriate forum to determine the
> custody of the child, and (ii) it is in the
> best interest of the child that this court
> assume jurisdiction.

The trial judge found that the matter was pending before a Japanese court which had jurisdiction over the question of custody. The international nature of this custody dispute does not dilute the jurisdictional requirements. The statute expressly provides that "[t]he general policies of this chapter extend to the international area." Code § 20-146. The trial judge correctly ruled that the father bore the burden to prove his rights would not be protected by the Japanese courts. The father failed to meet that proof.

In summary, the evidence proved that the parties lived together as a family in Japan from November 1992 through the summer of 1995. The children have virtually no ties with Virginia, except through visits to their father's family. The father was served with notice of the mother's custody proceedings while he was in Japan, and, in fact, sought a continuance. We find no error in the trial judge's ruling dismissing husband's custody petitions.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>